# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

July 15, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BEVERLY GRAY, WIDOW OF
MARK A. GRAY (DECEASED),
Claimant Below, Petitioner**

**vs.)    No. 11-1090** (BOR Appeal No. 2045477)
                         (Claim No. 2010100566)

**HAWKEYE CONTRACTING COMPANY, LLC,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Beverly Gray, Widow of Mark A. Gray (Deceased), by William M. Shrewsberry Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Hawkeye Contracting Company, LLC, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 23, 2011, in which the Board affirmed a December 17, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 13, 2009, order denying dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gray was employed by Hawkeye Contracting, LLC, as a laborer/equipment operator on July 28, 2009, when the articulated dump truck that he was driving went backwards into a sediment pond and turned over. Mr. Gray drowned in the accident. A dependent's claim was filed by Mr. Gray's widow, Beverly Gray.

1

The claim was denied by the claims administrator because Mr. Gray was intoxicated at the time of the accident. An autopsy was conducted by the Chief Medical Examiner of West Virginia and Mr. Gray's blood alcohol level was 0.08%, which is greater than the legal limit under West Virginia Code § 17C-5-2(d). Mr. Gray's co-workers all gave depositions stating that they had observed a beer can inside of the truck that went into the pond; that they smelled alcohol on Mr. Gray while administering CPR; that Mr. Gray had displayed abnormal behavior on the morning the accident occurred; and that he did not hesitate or attempt to stop before driving into the pond.

In its Order, the Office of Judges held that the preponderance of the evidence showed that the claims administrator's order of August 13, 2009, should be affirmed. The Office of Judges concluded that there is no evidence of record to indicate that Mr. Gray's death was the result of actions or inactions taken by Hawkeye Contracting Company, LLC. The Board of Review reached the same reasoned conclusion in its decision of June 23, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 15, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II